The STATE of Ohio, Appellee,

v.

DOUGHERTY, Appellant.

[Cite as *State v. Dougherty* (1994), 99 Ohio App.3d 265.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5-94-20.

Decided Dec. 15, 1994.

*Robert A. Fry,* Hancock County Prosecuting Attorney, and *Mark C. Miller,* for appellee.

*Gregory W. Donohue,* for appellant.

HADLEY, Judge.

Defendant-appellant, Mark F. Dougherty ("appellant"), appeals from the judgment entry of conviction and sentencing in the Hancock County Court of Common Pleas.

The trial transcript reveals the following facts. In the early morning hours of July 17, 1992, appellant, his brother, John Dougherty, and John's wife, Brenda, traveled to Findlay, Ohio. The purpose of the trio's excursion was to steal two vehicles from Basol Maintenance ("Basol") in order to consummate an armed robbery of a store in Napoleon, Ohio.[1] Brenda dropped off appellant and John behind Basol. Each of them was equipped with weapons, dark clothes and masks. After gaining access to the building, appellant and John entered two different vehicles, a red Ford Escort and a white van, respectively. Their actions were interrupted, however, when Rose Marohn arrived and both men exited the building. Rose noticed that the Escort's engine and lights were on since appellant failed to turn them off before leaving the building. A short time later,

---

1. John was a former employee and had a key to Basol's place of business.

Rose departed. Appellant and John reentered the building and drove off with the vehicles.

After driving approximately two miles, the vehicle which John was driving apparently malfunctioned. He then pulled over and the van became stuck in the ditch. Some discussion ensued regarding their return to Basol to obtain a third vehicle and appellant, with John as his passenger, drove back to Basol.

Upon returning to Basol, Rose's vehicle was again present. She exited her car and John yelled to her to get down, but Rose continued walking towards the Escort. At that time, John shot Rose several times. Subsequently, appellant drove John to the building entrance, and he stole a third vehicle. After driving a distance, John again signaled appellant to stop because this van was low on gas. Appellant told him to abandon the van, and John again entered the Escort. The parties drove back to Napoleon and placed the Escort in a rental storage unit.

Appellant was indicted in August 1992 on one count of complicity to commit aggravated murder, two counts of complicity to commit aggravated robbery, and one count of receiving stolen property. The aggravated murder and robbery charges included three firearm specifications. The case proceeded with various pretrial motions and hearings. On February 11, 1994, appellant filed a motion seeking recusal of Judge Joseph Niemeyer, since he presided over the proceedings involving appellant's brother. In its judgment entry, filed on February 22, 1994, the trial court overruled appellant's motion.

On February 22, 1994, pursuant to plea negotiations, the death specification in the first count was dismissed and appellant pleaded guilty to all remaining counts and specifications. Appellant was sentenced on March 18, 1994. His sentence included three-year terms of consecutive, actual incarceration for each of the three firearm specifications.

It is from appellant's judgment entry of conviction and sentencing that he asserts the following assignments of error.

### Assignment of Error No. 1

"The trial court erred in sentencing the defendant-appellant to three (3) consecutive[,] three (3) years actual incarceration for their [*sic*] gun specification in violation of O.R.C., Section 2941.141, for the reason that said gun specifications should have been concurrent pursuant to O.R.C., Section 2929.71."

Appellant maintains that the felonies were part of the same act or transaction pursuant to R.C. 2929.71(B).

R.C. 2929.71(B) states:

"If an offender is convicted of, or pleads guilty to, two or more felonies and two or more specifications charging him with having a firearm on or about his person or under his control while committing the felonies, each of the three-year terms

of actual incarceration imposed * * * *shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed pursuant to* section 2907.02, 2907.12, 2929.02, or 2929.11 of the Revised Code, *unless any of the felonies were committed as part of the same act or transaction. If any of the felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses,* which three-year term shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed pursuant to section 2907.02, 2907.12, 2929.02, or 2929.11 of the Revised Code." (Emphasis added.)

The Supreme Court of Ohio, in *State v. Wills* (1994), 69 Ohio St.3d 690, 635 N.E.2d 370, set forth the standard for interpreting what constitutes a "transaction" as it pertains to R.C. 2929.71(B). In doing so, the court adopted the definition utilized by the Court of Appeals for Summit County, which states that a "transaction" is " 'a series of continuous acts bound together by time, space and purpose, and directed toward a single objective.' " *Id.* at 691, 635 N.E.2d at 371, citing *State v. Caldwell* (Dec. 4, 1991), Summit App. No. 14720, unreported, 1991 WL 259529.

■ Upon review of the record, we find that the felonies in the instant case constitute separate transactions within the meaning of R.C. 2929.71(B). Appellant and his cohorts initially set out to steal two vehicles. This task was completed when the men left Basol with the two vehicles and drove approximately two miles. It was only upon the mishap, concerning the second vehicle, that appellant and John discussed and decided to steal a third vehicle from Basol. Clearly, appellant's sentence should be no less due to this misfortune. Thus, we hold that the action regarding the third vehicle was a separate transaction.

Rose's presence and subsequent killing also constitutes a separate transaction. Although this act was within the sequence of events and in close proximity to the other two transactions, it fails to share a common objective. The apparent purpose for killing Rose was to eliminate a witness to their wrongdoing. This objective is much different from stealing two vehicles and, subsequently, stealing a third vehicle. We reject, therefore, appellant's contention that Rose's murder was part of a single transaction.

For these reasons, appellant's first assignment of error is overruled.

### Assignment of Error No. 2

"The trial court erred in denying defendant's motion requesting the trial judge, Joseph H. Niemeyer, to recuse himself from defendant-appellant's case."

■ The Chief Justice of the Supreme Court is bestowed with the authority to determine disqualification issues regarding judges of the courts of common pleas. Section 5(C), Article IV, Ohio Constitution.

R.C. 2701.03 provides the procedure for seeking disqualification and states, in pertinent part:

"When a judge of the court of common pleas is interested in a cause or matter pending before the court, is related to, or has a bias or prejudice either for or against, a party to a matter or cause pending before the court or his counsel, or is otherwise disqualified to sit * * * any party may file an affidavit with the clerk of the supreme court setting forth the fact of the interest, bias, prejudice, or disqualification."

Thus, a court of appeals has no authority to render a decision with regard to disqualification or to void a trial court's judgment on that basis. *State v. Ramos* (1993), 88 Ohio App.3d 394, 623 N.E.2d 1336, paragraph three of the syllabus.

For the above-stated reasons, we overrule appellant's second assignment of error.[2]

Having found no error prejudicial to the appellant, the judgment of the Hancock County Court of Common Pleas is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and EVANS, JJ., concur.

---

2. Although without jurisdiction to determine disqualification, we note that the record contains no affidavit as required by R.C. 2701.03, and appellant's motion for recusal was filed well after the proceedings were under way.