MEMORANDUM DECISION
Defendant-appellant, Raney A. Mease, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his petition for post-conviction relief brought pursuant to R.C.2953.21, and denying his motion to disqualify the judge of the trial court on the basis of bias or prejudice.
Pursuant to a jury verdict, appellant was convicted on April 18, 1995, on one count of involuntary manslaughter with a firearm specification, one count of aggravated burglary with a firearm specification, and two counts of aggravated robbery, one with a firearm specification. Appellant's conviction was affirmed upon appeal to this court. State v. Mease (Mar. 14, 1996), Franklin App. No. 95APA05-614, unreported (1996 Opinions 948).
This is not appellant's first petition under R.C. 2953.21. Denial of two prior petitions was affirmed by this court inState v. Mease (Dec. 18, 1997), Franklin App. No. 97AP01-92, unreported (Memorandum Decision).
Appellant filed the present petition and motion to disqualify the trial judge on December 29, 1997, and amended it on January 28, 1998. The trial court entered its decision on December 22, 1998, denying both the petition and motion to disqualify. The trial court found that appellant had presented no factual or legal basis other than his conclusory assertions of bias and prejudice to support disqualification. The trial court also denied the petition for post-conviction relief without a hearing, finding that the petition was not timely filed, and presented only claims which should have been addressed either on direct appeal or in appellant's initial petitions, and was thus barred by resjudicata.
Appellant has timely appealed and brings the following assignments of error:
 1. The trial court erred, when dismissing the appellant's petition for post conviction relief, where appellant satisfied requirements prescribed by section 2953.23 Ohio Revised Code.
 2. The trial court abused its discretion when it overruled appellant's motion for disqualification.
R.C. 2953.21, as amended by Am.Sub.S.B. No. 4 effective September 21, 1995, provides that a petition for post-conviction relief shall be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." The saving provisions of Section III of Am.Sub.S.B. No. 4, for a petitioner convicted prior to the effective date of the act, such as appellant, provides that the filing limitation will run one year from September 21, 1995, or one hundred eighty days after the expiration of the time for filing the direct appeal, whichever is later. Under either deadline, appellant's present petition is not timely filed.
Appellant has further failed to demonstrate that he should be allowed to file a delayed post-conviction relief petition under R.C. 2953.23(A). Under this provision, a trial court has jurisdiction over an untimely filed petition only if two conditions are met. First, the petitioner must show that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since the deadline for filing his petition, recognized a new federal or state right that applies retroactively to the petition. R.C. 2953.23(A)(1). Second, the petitioner must show by clear and convincing evidence that no reasonable fact finder would have found him guilty but for a constitutional error at trial. R.C.2953.23(A)(2). Appellant's petition makes no claim based upon any new federal or state right applied retroactively to appellant and announced by the United States Supreme Court since his conviction. Similarly, appellant's petition does not rely upon any facts which he was previously unavoidably prevented from discovering. As such, the trial court did not err in finding that it did not have jurisdiction to entertain appellant's petition, and appropriately dismissed the matter. State v. Hanks (June 25, 1998), Franklin App. 98AP-70, unreported (1998 Opinions 2353). Appellant's first assignment of error is overruled.
Appellant's second assignment of error asserts that the trial court erred in denying his motion to disqualify the trial judge. We lack jurisdiction to entertain an appeal on this issue, which may only be addressed by the Chief Justice of the Ohio Supreme Court or his designee. Beer v. Griffith (1978),54 Ohio St.2d 440-441; State v. Dougherty
(1994), 99 Ohio App.3d 265, 268-269. Furthermore, appellant has demonstrated no basis for his allegation of bias or prejudice other than his general dissatisfaction with the court's judgment, which is not grounds for disqualification. In re Disqualification of Murphy (1988),36 Ohio St.3d 605. Appellant's second assignment of error is therefore overruled.
In accordance with the foregoing, appellant's first and second assignments of error are overruled, and the trial court's judgment dismissing the petition for post-conviction relief and motion to disqualify the trial judge is affirmed.
Judgment affirmed.
TYACK and PETREE, JJ., concur.