OPINION
The Franklin County Court of Common Pleas dismissed Melinda McDaniel's complaint against Huntington National Bank due to McDaniel's failure to comply with the court's discovery order. On appeal, McDaniel asserts that she was justified in her failure to comply with the discovery order, and therefore that the trial court erred in granting Huntington's motion to dismiss. Because McDaniel was not justified in failing to comply with the court's discovery order, we disagree. Accordingly, we affirm the judgment of the trial court.
McDaniel filed an application with Huntington, but Huntington did not interview her for a job. McDaniel, therefore, filed a complaint against Huntington in the trial court, in which she sought more than $98,000 in damages. In conjunction with filing her complaint, McDaniel paid the Franklin County Clerk of Courts a $10 fee to publish notice of her complaint in the Daily Reporter.
McDaniel contends that the trial court prevented notice of her complaint from being published in the Daily Reporter until twenty days after she filed the complaint. McDaniel filed a motion requesting the trial judge to recuse herself, alleging that the trial judge was biased in favor of Huntington. However, McDaniel did not comply with the procedural requirements for disqualifying a judge outlined in R.C. 2701.03. Therefore, the trial court overruled her motion.
Huntington sent McDaniel interrogatories and document requests, and McDaniel failed to adequately respond. Huntington then filed a motion to compel McDaniel to respond to its discovery requests by March 31, 1999. Although the trial court signed and dated an entry compelling the discovery on March 24, 1999, the entry was not filed until April 8, 1999. McDaniel received a copy of the entry from Huntington, along with a letter from Huntington advising her that it was willing to extend the discovery deadline until April 19, 1999.
On April 27, 1999, after receiving no response from McDaniel, Huntington filed a motion to dismiss and for other sanctions. McDaniel did not file a response. The trial court ordered McDaniel to show cause why her complaint should not be dismissed and sanctions should not be imposed upon her. In her response to the show cause order, McDaniel argued that Huntington forged the order compelling discovery and that she was not obliged to obey the order because Huntington mailed it to her. The trial court disagreed, and granted Huntington's motion to dismiss. McDaniel timely appealed the trial court's decision.
In her first and second assignments of error, McDaniel asserts that the trial court erred in refusing to recuse itself. In support of her contention that the trial court is biased, McDaniel notes that she never received a refund of the $10 fee she paid to have notice of her complaint published in the Daily Reporter.
R.C. 2701.03 provides that, if a party believes a judge of the court of common pleas is biased, he "may file an affidavit [of disqualification] with the clerk of the supreme court." R.C.2701.03(A). A court of appeals is without authority to pass upon disqualification or to void the judgment of the trial court upon that basis. Beer v. Griffith (1978), 54 Ohio St.2d 440, 441-442;State v. Dougherty (1994), 99 Ohio App.3d 265, 269. R.C. 2701.03
sets forth the only procedure by which a party may seek disqualification. Id. at 269. The statute requires the party seeking disqualification to file an affidavit of prejudice with the Ohio Supreme Court. Id. Therefore, this court has no jurisdiction to pass upon this issue, and we overrule McDaniel's first and second assignments of error.
In her third, fourth and fifth assignments of error, McDaniel asserts that the trial court erred in dismissing her complaint for her failure to comply with the discovery order. Pursuant to Civ.R. 37, a trial court may dismiss an action based upon a party's failure to comply with an order to answer interrogatories. Civ.R. 37(B)(2)(c); Civ.R. 37(D). The trial court may not dismiss a case against a party who has failed to respond to discovery requests unless the record reflects willfulness or bad faith on the part of the party who has failed to respond. Toney v. Berkemer (1983), 6 Ohio St.3d 455, syllabus; see, also, Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371. This court will not reverse a trial court's sanction for discovery violation unless it "affirmatively appears from the record that the court abused its discretion and that the sanction was not just." Evans v. Smith (1991), 75 Ohio App.3d 160, 163.
In her third assignment of error, McDaniel asserts that the trial court erred because the discovery order that McDaniel failed to comply with was an unauthentic or forged document. In support of her contention, she notes that the discovery order was not filed until April 8, 1999, and that Huntington mailed a copy of the discovery order to her. However, these facts do not indicate that the order was forged. Additionally, McDaniel failed to pursue her suspicion that the order was forged, and risked violating the order by choosing to ignore it rather than inquire into its authenticity. Finally, the trial court's show cause order unequivocally established that the discovery order was indeed authentic. Yet, instead of immediately attempting to comply with the discovery order, McDaniel continued to insist, as she does today, that the order was forged.
We find that the trial court did not abuse its discretion in concluding that McDaniel's unreasonable belief that the discovery order was forged did not justify her failure to comply with it. Accordingly, we overrule McDaniel's third assignment of error.
In her fourth assignment of error, McDaniel asserts that the trial court erred in finding that McDaniel's pleadings contained "insulting and degrading accusations" and that McDaniel demonstrated bad faith in failing to comply with the court's discovery order. Mere prolonged and continued failure to respond to a party's discovery requests may be sufficient to establish willfulness or bad faith. LJEL, Inc. v. Overland Transp. Sys.,Inc. (Mar. 28, 1996), Franklin App. No. 95APE09-1250, unreported, citing Russo v. Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175.
In this case, McDaniel repeatedly refused to answer several interrogatories and document requests. Additionally, McDaniel claimed that she had no knowledge of facts peculiarly within her knowledge, such as her former and current places of employment. Finally, McDaniel peppered her pleadings in this case with accusations that Huntington employs "racist, sexist, Klan, security scum." We find that the record supports the trial court's finding that McDaniel demonstrated willfulness or bad faith. Accordingly, the trial court did not abuse its discretion in imposing the sanction of dismissal in this case, and we overrule McDaniel's fourth assignment of error.
In her fifth assignment of error, McDaniel asserts that the trial court erred in dismissing her complaint because she made efforts to comply with the trial court's discovery order. McDaniel contends that the documents the trial court ordered her to produce in response to Huntington's discovery request are not in her possession because the "Klan" destroyed her former home and left her with nothing. McDaniel also complains that the trial court's conclusion that she acted in bad faith "sounded very personal."
Even if McDaniel possessed a valid reason for not producing the documents in question, she offered no justification for her failure to answer Huntington's interrogatories as ordered by the trial court. The trial court acted within its discretion whether it sanctioned McDaniel for her failure to answer the interrogatories only, or for her failure to answer the interrogatories and respond to the document requests.
A trial court may not employ the sanction of dismissal for failure to provide discovery unless it finds that the failure is due to "willfulness or bad faith." Toney, supra, at syllabus. Thus, the trial court's finding that McDaniel acted in bad faith constitutes a legal characterization of the facts, not a personal one. As we found with respect to McDaniel's fourth assignment of error, the trial court did not err in concluding that McDaniel acted in bad faith.
Accordingly, we overrule McDaniel's fifth assignment of error.
In conclusion, we find no merit in any of McDaniel's five assignments of error. Accordingly, we overrule all of her assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
KLINE and KENNEDY, JJ., BOWMAN, P.J., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.