OPINION
Appellant, Patrick, D. Huss, appeals a judgment of the Court of Common Pleas of Seneca County, finding him to be a sexual predator pursuant to R.C. 2950.09. For the reasons that follow, we affirm the judgment of the trial court.
On August 17, 1983, Appellant was indicted on one count of rape in violation of R.C. 2907.02. On February 7, 1984, Appellant pled guilty to a lesser-included offense of rape pursuant to then section R.C.2907.02(A)(3). Appellant was sentenced to a term of not less than seven years or more than twenty-five years in prison. Thereafter, on March 30, 2000, the trial court conducted a sexual predator hearing pursuant to R.C. 2950.09(C)(2). After considering all relevant evidence, the trial found by clear and convincing evidence that Appellant is a sexual predator. A judgment entry was filed on March 31, 2000.
Appellant timely appeals the judgment of the trial court, assigning two errors for our review.
Assignment of Error No. 1
 In a plain error denial of due process of law, the trial court intrinsically lacked the fundamental appearance of neutrality and impartiality for determining the sexual offender classification of the Defendant/Appellant, for reason that the trier of facts had been an appearance-entering county prosecutor when the original rape case was pending, and when proximate to the same past era, the Defendant/Appellant had served as a confidential informant under the auspices of the county prosecutor's office and sheriff's department.
The essence of Appellant's argument is that the impartiality of the trial court judge who conducted Appellant's sexual offender classification hearing might reasonably be questioned. Appellant notes that the judge previously served as the Seneca County prosecuting attorney in the underlying criminal prosecution of Appellant in 1984.
In response, the State argues that the proper procedure for disqualification of a trial court judge is set forth in R.C. 2701.03. The State further points out that neither Appellant nor his attorney placed an objection on record in the trial court or attempted to comply with the mandates of the statute. Finally, the State argues that the Courts of Appeals in Ohio are without authority to render decisions concerning the disqualification of trial court judges or to void a trial court's judgment on that basis.
In Ohio, trial court judges, under certain circumstances, are required to disqualify themselves pursuant to Canon 3 of the Code of Judicial Conduct, which provides in pertinent part:
 (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
 (a) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 (b) The judge served as a lawyer in the matter in controversy, a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a material witness concerning the matter.
* * *
Additionally, a party to the proceeding or the party's counsel can seek to have the judge disqualified pursuant to R.C. 2701.03, which provides in pertinent part:
 (A) If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.
 (B) An affidavit of disqualification filed under section 2101.39 or 2501.13 of the Revised Code or division (A) of this section shall be filed with the clerk of the supreme court not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled * * *
In fact, R.C. 2701.03 "provides the exclusive means by which a litigant may claim that a common pleas judge is biased or prejudiced." Jones v.Billingham (1995), 105 Ohio App.3d 8, 11.
While it appears that Canon 3(1)(b) of the Code of Judicial Conductwould require a trial judge to disqualify himself in this type ofsituation, the law is clear that the Ohio Courts of Appeals are "withoutauthority to pass upon disqualification or to void the judgment of thetrial court upon that basis." Beer v. Griffith (1978), 54 Ohio St.2d 440,441-42. Such matters are vested solely with the Chief Justice of theSupreme Court of Ohio. Id. See, also, State ex rel. Stern v. Mascio(1998), 81 Ohio St.3d 297; Berdyck v. Shinde (1998), 128 Ohio App.3d 68;Lesinski v. Henderson (1996), 112 Ohio App.3d 70; State v. Dougherty(1994), 99 Ohio App.3d 265; State v. Ramos (1993), 88 Ohio App.3d 394;Celestino v. Schneider (1992), 84 Ohio App.3d 192; Kondrat v. RalphIngersoll Publishing Co. (1989), 56 Ohio App.3d 173; and State v. Frye(Dec. 12, 1997), Clark App. No. 96-CA-118, unreported.
While it may have been advisable for the trial court judge to disqualify himself pursuant to Canon 3(1)(b) of the Code of Judicial Conduct, it is clear that this court lacks the authority to void the trial court's judgment on that basis.
Accordingly, Appellant's first assignment of error is not well taken and is therefore overruled.
Assignment of Error No. 2
 From a plain error reading of the sexual offender classification hearing transcript, the trial court improperly moved, sua sponte, to admit into evidence and to mark into evidence, the post-sentence investigation report as a State's exhibit, thereby effecting a plain error denial of due process of law.
Appellant argues that the trial court committed plain error by taking on an adversarial role in its suggestion to the State that it mark the post-sentence investigation report as an exhibit, without any such motion by the State to admit said report into evidence as its own exhibit. In support, Appellant notes the following exchange at his sexual predator classification hearing between the trial court and Mr. Kolesar, the Seneca County assistant prosecuting attorney:
 The Court: Are you gonna be offering this as another exhibit?
 Mr. Kolesar: If the Court uh, I, I believe the Court indicated that it would consider the entire record and this would have been part of that record, so we would mark it if the court wants, and
 The Court: Why don't we mark it as State's Exhibit 3. We'll make a copy after the hearing, Mr. Kolesar.
Mr. Kolesar: That would be fine, Your Honor.
Sexual predator classification hearing transcript, p. 10-11.
After reviewing the entire transcript, however, we are not persuaded by Appellant's argument. The transcript clearly demonstrates that prior to the trial court's inquiry Mr. Kolesar expressed his intention to admit the entire record into evidence, which included the post-sentence investigation report. The court then took judicial notice of the case and all documents contained therein. There is nothing contained in the transcript or any other part of the record to suggest that the trial court assumed an adversarial role in its inquiry of Mr. Kolesar regarding the post-sentence investigation report. Rather, it appears that the trial court's intention was to facilitate the identification of evidentiary exhibits for its review.
Accordingly, Appellant's second assignment of error is not welltaken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we hereby affirm the judgment of the trial court.
 _________________________ WALTERS, J.
HADLEY, P.J. and SHAW, J., concur.