DECISION AND JUDGMENT ENTRY
Defendants-appellants, Steve Urge and Joy Urge, appeal a judgment of the Ottawa County Court of Common Pleas granting a petition to vacate a portion of Doller Alley, located in the village of Put-In-Bay, Ohio ("Village"). In the alternative, the trial court found that the Village abandoned that portion of the alley crossing appellees' properties. For the following reasons, we affirm the judgment of the trial court.
On October 27, 1998, plaintiffs-appellees, Dianne M. Duggan, and her spouse, Michael R. Steidl, filed a quiet title action setting forth four claims. The first claim consisted of a petition to vacate, pursuant to R.C. 723.09[1], that portion of Doller Alley traversing Diane Duggan's property. Duggan and Steidl asserted that although Doller Alley was dedicated to public use on October 1, 1925, the Village had never exercised any dominion over the ten foot wide strip. The remaining claims sounded in abandonment, common law adverse possession and adverse possession under R.C. 2305.05[2].
Because Doller Alley is approximately four hundred feet long and touches several other properties, appellees named not only the Village as a defendant, but also all owners of property who might have an interest in this action. The only defendants who filed answers were the Village, appellants, the Lake Erie Islands Historical Society and appellees[3], Kenneth P. Fox and Diane L. Fox, who own the property adjacent to Dianne Duggan. In their answer, Kenneth and Diane Fox asked that, in the event that the request to vacate the alley across the Duggan property was granted, the portion of Doller Alley crossing their property also be vacated.
The court below entered default judgments against the nonanswering parties. Prior to trial, the Lake Erie Historical Society entered into a consent judgment in favor of appellees. In addition, the Village filed a motion to be excused from attending the trial and defending any interest that it might have in Doller Alley. The trial court granted this motion, leaving only appellants and appellees to appear as parties at the trial to the bench on the merits of this case.
The following facts were revealed at trial. The Duggan property and the Fox property are located near Doller Avenue at the southwest end of Catawba Avenue. Doller Alley runs straight across the properties that face Catawba Avenue for approximately three hundred feet, turns due north for one hundred fifteen feet and ends at a right angle to another alley that intersects with Catawba Avenue. The one hundred fifteen feet of the northern portion of Doller Alley, referred to as the "dogleg," has gravel on it. The remainder consists of grassy areas, weeds, trees and a fence that blocks the alley.
Appellants own a gift shop facing Catawba Avenue near the northeast end of Doller Alley. The back of the gift shop is located on the gravel portion of the alley. The Duggan and Fox properties at the other end of the alley are residential properties. The testimony at the trial of this matter revealed that these property owners were unaware of the location of the alley until a 1997 survey. Diane Duggan testified that she lived in that area for most of her life and that the Village never maintained, or used in any way, the grassy area on her property that was revealed to be part of Doller Alley. Part of a tree on the Duggan property is located on the alley. Kenneth Fox stated that the back door of his residence opens right onto the alley. Part of a shed on the Fox property also encroaches this area. All of the appellees asserted that they never saw anyone use the ten foot wide area as a public way prior to the institution of the instant case. Appellants claimed that they "walked" the alley at least "once per year" and drove a snowmobile on it. However, they admitted that they were unsure of the exact location of the alley.
The Village Mayor, John Blatt, provided the most telling testimony. The mayor disclosed that the Village had no knowledge of the area designated as Doller Alley until the late 1990's when appellants had a dispute with the Lake Erie Historical Society. That dispute centered on that portion of the alley behind the gift shop. Blatt stated that the Village never exercised any control over or assumed any duty to maintain that portion of Doller Alley that crosses the Duggan and Fox properties. Mayor Blatt did, however, state that the Village put a small load of gravel on the "dogleg" and posted a "No Parking" sign. Finally, the mayor indicated that he asked the police chief, the fire chief, the chief paramedic and the water and sewer chiefs whether "this alley was important to them and they all said no." The mayor conceded that if the alley was opened it might alleviate some of the congestion in the commercial, that is, the northeast end of Catawba Avenue.
On September 15, 2000, the trial court entered extensive Findings of Fact and Conclusions of Law. The court concluded that the petition to vacate should be granted and/or that the Village permanently abandoned that portion of Doller Alley crossing the Duggan property. The judge, for the same reasons as stated in his findings with regard to the Duggan property, also concluded that the portion of Doller Alley abutting the Fox property was abandoned by the Village and ordered the alley vacated pursuant to R.C. 723.09. The court ordered counsel for appellees and counsel for the Foxes to prepare a judgment entry.
On October 27, 2000, a final judgment quieting title of that portion of Doller Alley on the Duggan property to Diane M. Duggan was filed. In addition, the final judgment vacated that portion of Doller Alley which abuts real property owned by Kenneth P. and Diane L. Fox and quieted title to that property in them. This timely appeal followed.
Appellants assert the following errors occurred in the proceedings below:
 "THE TRIAL COURT ERRED IN STATING ITS FINDINGS OF FACT WHICH ARE INSUFFICIENT ON WHICH TO BASE THE COURT'S CONCLUSIONS."
 "THE TRIAL COURT ERRED BY FINDING THAT THE PORTION OF DOLLER ALLEY BEHIND PLAINTIFFS' AND DEFENDANTS FOX'S PROPERTY HAS BEEN PERMANENTLY ABANDONED BY THE VILLAGE OF PUT-IN-BAY."
 "THE TRIAL COURT ERRED IN ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW TO DECLARE THAT THE COUNSEL FOR THE VILLAGE OF PUT-IN-BAY DETERMINED NOT TO DEFEND THE ACTION OR THEIR INTEREST IN DOLLER ALLEY BY VALID PROCEEDINGS."
 "THE TRIAL COURT OPENLY EXPRESSED BIAS TOWARD DEFENDANTS URGE'S POSITION CONTRARY TO THE CODE OF JUDICIAL CONDUCT CANON 3 FROM THE BEGINNING OF TRIAL AND THEREAFTER THROUGH AND INCLUDING ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW."
As an initial matter, appellants maintain that a clear and convincing standard of proof should be applied to both the vacation of a street or alley under R.C. 723.09 and the common law doctrine of abandonment. As to the vacation of a public way, there is no indication in the statute that a clear and convincing standard must be applied. Further, at least one other appellate court employed a preponderance of the evidence standard in reviewing the question of whether the vacation of a street pursuant to R.C. 723.09 would benefit the municipality. See In re Bretell v.Steubenville (Oct. 25, 1990), Jefferson App. No. 89-J-44, unreported. Accordingly, although we believe that appellees met a clear and convincing standard, we conclude that a preponderance of the evidence standard is appropriate for use in an action brought pursuant to R.C.723.09. As to the common law doctrine of abandonment, we can find no cases employing a clear and convincing standard of proof. Thus, while we acknowledge that this doctrine is akin to adverse possession, which does require clear and convincing evidence of each element, see Grace v. Koch
(1998), 81 Ohio St.3d 577, 579, we find that abandonment needs only to be demonstrated by a preponderance of the evidence.
Appellants' first assignment of error contends that the trial court's Findings of Fact and Conclusions of Law are insufficient for the purpose of review and determination of the court's basis for granting appellees' petition to vacate that portion of Doller Alley that crosses the Duggan and Fox properties. Specifically, appellants argue that the findings are insufficient to support a conclusion that the vacation of those sections of the alley was conducive to the general interest of the Village.
When questions of fact are decided by the court without a jury, one or more of the parties may, in writing, request findings of fact and conclusions of law. Civ.R. 52. If none of the parties make such a request, the judgment may be general for the prevailing party. Id. As applied to the case before us, no written request for findings of fact and conclusions of law was ever made; thus, the trial court was not required to make any findings of fact and conclusions of law. That said, we also conclude that those findings made, sua sponte, by the court are sufficient to permit our review and determination of the basis of the court's decision.
R.C. 723.09 provides, in pertinent part:
 "The court of common pleas may, upon petition filed in such court by any person owning a lot in a municipal corporation, for the * * * vacation of a street or alley in the immediate vicinity of such lot, upon hearing, and upon being satisfied that it will conduce to the general interests of such municipal corporation, declare such street or alley * * * vacated, * * *."
The court set forth the following facts relevant to its conclusion that vacation of Doller Alley is beneficial to the Village: (1) The physical condition of the alley is such that it is impassable by motor traffic and could be made passable only "at considerable expense to the Village." Findings of Fact Nos. 13, 14 and 15; (2) The "alley" has been treated by the Foxes and the Duggans as part of their respective properties. Finding of Fact No. 10; (3) Conversely, the Village never marked, maintained or used that portion of the alley crossing the Duggan and Fox properties, and it was deemed unneeded for use for utility or police purposes. Findings of Fact Nos. 27 and 28; and (4) The Village was unaware of its property interest in the disputed portion of Doller Alley for over seventy years and decided, by a vote of the Village council, not to defend that interest. Findings of Fact Nos. 26 and 27. These findings were supported by some competent, credible evidence, see C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus; therefore, contrary to appellants' contentions, Conclusion of Law No. 2 is not against the manifest weight of the evidence. Accordingly, appellants' first assignment of error is found not well-taken.
In their second assignment of error, appellants argue, in essence, that the trial court's judgment, in finding that the Village abandoned Doller Alley, is against the manifest weight of the evidence.
In order for a public right of way to be deemed abandoned, all use and enjoyment of the property by the municipality must have ceased for a period of twenty-one years. Kelly Nail Iron Co. v. Lawrence Furnace Co. (1889), 46 Ohio St. 544, paragraph two of the syllabus; State ex rel.Stickles v. Maumee (Feb. 19, 1999), Lucas App. No. L-98-1143, unreported. In addition, there must be intent on the part of the municipality to abandon the property. State ex rel. Stickles v. Maumee, supra, citing 2 McDermott's Real Property (1990) 218.
There was some competent, credible evidence offered at the trial of this matter showing that the Village never used or enjoyed that portion of the alley that crosses the Duggan and Fox properties and was, indeed, unaware of any interest in that property for over seventy years. Furthermore, the testimony of Mayor Blatt and the act of the Village council in determining not to defend the instant case is some competent, credible evidence of the Village's intent to abandon the alley.
Appellants assert, nevertheless, that the trial court ignored their evidence as to a lack of intent or use. We disagree. As the trier of fact, the trial judge was in the best position "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."Seasons Coal Co., Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77,80. The trial court did so in this case and accorded greater weight to appellees' evidence. We cannot substitute our judgment for that of the trial court on this issue. Id. For all of the foregoing reasons, appellants' second assignment of error is found not well-taken.
Appellant's third assignment of error attacks the court's Finding of Fact No. 25, which reads: "The Village of Put-In-Bay by vote of its council determined not to defend Plaintiffs' action or its interest in Doller Alley." Appellants first claim that in order for the Village to vacate Doller Alley, the Village was required to enact an ordinance pursuant to R.C. 723.04 and 723.05. This cause does not involve either of those statutes. Rather, it is a petition to the court under R.C. 723.09
and does not require that the Village take any legislative action.
Appellants also apparently argue that before the Village's intent not to defend could constitute evidence sufficient to support the court's finding, the Village council was required to enact an ordinance evincing that intent. A motion reflecting the action of the Village council was filed and granted in this case. Mayor Blatt testified that the Village "had chosen not to appear" at trial to defend this case. Finally, the actual vote of the Village council on this issue was entered into evidence, without objection.
The admission or exclusion of relevant evidence rests within the sound discretion of the trial court and that court's ruling as to such matters will not be reversed absent an abuse of discretion. Krischbaum v. Dillon
(1991), 58 Ohio St.3d 58, 66. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, a party may not predicate error on appeal upon a ruling that admits evidence unless the party timely objects and states the specific basis for the objection. Evid.R. 103(A)(1). See, also, State v. Sibert (1994), 98 Ohio App.3d 412,422. Here, appellants did not timely object to the evidence claimed as insufficient on appeal, and that evidence was relevant to the court's disposition of the petition to vacate and question of abandonment. Accordingly, we find the admission of that evidence was not arbitrary, unreasonable or unconscionable. It follows that Finding of Fact No. 25 is sufficiently supported by this evidence. Therefore, appellants' third assignment of error is found not well-taken.
In their fourth assignment of error, appellants maintain that, during the course of the entire trial, the judge displayed bias toward them through unsolicited comments, the exclusion of evidence relevant to their case, the inclusion of facts not in evidence in his Conclusions of Law, and by "overlooking" evidence presented by appellants. Appellants contend that the trial judge's behavior violated Canon 3 of the Code of Judicial Conduct and constituted an abuse of process.
If appellants believed that the trial judge was biased or prejudiced toward them at any stage of the proceedings in the common pleas court, their remedy was the filing of an affidavit of interest, bias, prejudice or disqualification with the clerk of the Ohio Supreme Court. R.C. 2701.03. R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced. Berdyck v. Shinde
(1998), 128 Ohio App.3d 68, 81; Jones v. Billingham (1995),105 Ohio App.3d 8, 11. Only the Chief Justice of the Ohio Supreme Court or his designee has the authority to pass upon the disqualification of a common pleas court judge. Beer v. Griffith (1978), 54 Ohio St.2d 440,441; State v. Dougherty (1994), 99 Ohio App.3d 265, 268-269. Thus, a court of appeals is without authority to render a decision as to disqualification or to void a trial court's judgment on the basis of alleged bias. Beer v. Griffith, 54 Ohio St.2d at 441-442; State v.Dougherty, 99 Ohio App.3d at 269. Accordingly we conclude that we are without jurisdiction to address this issue, and appellants' fourth assignment of error is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal.
 ________________________ Melvin L. Resnick, JUDGE
Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.
[1] Appellees published notice of the petition to vacate as required by R.C. 723.10.
[2] The trial court subsequently granted the Village's motion for summary judgment as to the cause based upon adverse possession under R.C. 2305.05 and dismissed this claim.
[3] Kenneth and Diane Fox filed a brief in this appeal and, even though they are not designated as such in their brief, they prevailed in the common pleas court and are, therefore, appellees.