[Cite as *Simonetti v. Adams-Karl Invests., L.L.C.*, 2014-Ohio-3701.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Professional Solutions Insurance Company, | : | |
| | : | |
| Intervenor-Plaintiff, | : | No. 14AP-222 (C.P.C. No. 11CV-2192) |
| Steve Simonetti et al., | : | |
| Plaintiffs-Appellees, | : | (REGULAR CALENDAR) |
| v. | : | |
| Adams-Karl Investments, LLC et al., | : | |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on August 26, 2014

*Mills, Mills, Fiely & Lucas, Laura L. Mills*, and *Paul W. Vincent*, for appellees.

*Duncan Law Group LLC, Brian K. Duncan*, and *Bryan D. Thomas*, for appellants.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Adams-Karl Investments, LLC c/o ABG Agency, Inc.; Adams, Babner, and Gitlitz, LLC c/o Bret A. Adams, Bret Adams, and George Karl c/o Bret Adams, defendants-appellants, appeal from the judgment of the Franklin County Court of Common Pleas in which the court denied appellants' motion for attorney fees, denied appellants' motion for leave to file under seal, and ordered appellants to pay attorney fees

to the counsel of Steve Simonetti, Doug Burkhart, James Deagle, and Linchris Management c/o Mike Hurdzan, and Gene Simonetti, plaintiffs-appellees.

{¶ 2} Many of the underlying facts are not relevant to the current appeal. Generally, in October 2010, appellees filed an action against appellants in Delaware County, Ohio. The action related to appellants' and appellees' investment in the Golf Club of Dublin. Appellants filed an answer and a counterclaim for, among other things, frivolous conduct. The case was transferred to Franklin County, and the trial court subsequently dismissed some of appellees' claims.

{¶ 3} The court held a trial on the remaining claims. During the course of trial, the parties reached a settlement as to all claims. During a discussion of the settlement with the trial court, appellants specifically indicated that the counterclaim for frivolous conduct was included in the settlement. On September 13, 2013, the parties filed a stipulation of dismissal.

{¶ 4} On September 20, 2013, appellants filed a complaint against the trial judge and the Supreme Court of Ohio in federal court.

{¶ 5} On October 11, 2013, appellants filed a motion for attorney fees based upon alleged frivolous conduct by appellees' counsel. On October 16, 2013, appellees filed a motion for sanctions and fees, arguing that the settlement agreement settled all claims, including appellants' counterclaim for frivolous conduct against appellees, and the court had jurisdiction only to enforce the settlement.

{¶ 6} On February 7, 2014, appellants filed a motion for leave to file under seal a motion seeking recusal of the trial judge and motion for stay with respect to ruling on the October 11, 2013 motion for attorney fees.

{¶ 7} On February 18, 2014, the trial court issued a decision and entry in which it denied appellants' motion for attorney fees and motion for leave to file under seal and granted appellees' motion for sanctions and fees. The court ordered appellants to pay appellees' counsel $550 for his frivolous filing of the motion for attorney fees. Appellants appeal the judgment of the trial court, asserting the following assignment of error:

> JUDGE SHEWARD FAILED TO DISQUALIFY HIMSELF FROM THIS PROCEEDING AS MANDATED BY THE OHIO CODE OF JUDICIAL CONDUCT RULE 2.11, REQUIRING DISMISSAL IN CIRCUMSTANCES IN WHICH A JUDGE HAS A PERSONAL BIAS OR PREJUDICE CONCERNING A

PARTY, OR IN THE ALTERNATIVE UNDER OHIO CODE OF JUDICIAL CONDUCT RULE 1.2 REQUIRING JUDGES TO AVOID IMPROPRIETY OR THE APPEARANCE THEREOF; THEREFORE, JUDGE SHEWARD ABUSED HIS DISCRETION BY RULING ON SAID PROCEEDING.

{¶ 8} Appellants argue in their sole assignment of error that the trial court erred when it ruled on the motions in its judgment because the trial judge should have disqualified himself due to the pending lawsuit appellants filed against him in federal court. In support, appellants cite several provisions in the Code of Judicial Conduct dealing with disqualification and impartiality, including Rule 2.11, which requires a judge to disqualify himself or herself in any proceeding in which the judge has a personal bias or prejudice against a party or a party's attorney. Appellants contend that the trial judge should have disqualified himself here because Adams had a pending lawsuit against the trial judge based upon Adams' allegation that the trial judge denied his procedural and substantive due process rights. Therefore, appellants urge that the trial court's judgment denying their motion for attorney fees be vacated and request that the trial judge be disqualified from ruling on the instant matter.

{¶ 9} The authority to pass upon the disqualification of a judge of the court of common pleas is vested solely in the Chief Justice of the Supreme Court of Ohio or a designee. *Beer v. Griffith*, 54 Ohio St.2d 440 (1978); *Kettering v. Berger*, 4 Ohio App.3d 254, 255 (2d Dist.1982); *State v. Dougherty*, 99 Ohio App.3d 265, 268 (3d Dist.1994). R.C. 2701.03 sets forth the only procedure by which a party may seek disqualification. *Id.* at 269. The statute requires the party seeking disqualification to file an affidavit of prejudice with the Supreme Court. *Id.*

{¶ 10} It is well-established that a court of appeals is without authority to render a decision with regard to disqualification or to void a trial court's judgment on that basis. *Id.*; *State v. Ramos*, 88 Ohio App.3d 394, 398 (9th Dist.1993). In the present appeal, appellants ask this court to find the trial judge should have disqualified himself and to void the trial court's judgment on the same basis, both of which we are prohibited from doing. Therefore, this court has no authority to pass upon these issues, and we overrule appellants' assignment of error.

{¶ 11} Appellees have included in their brief a motion for sanctions, pursuant to App.R. 23, based upon appellants' frivolous appeal. Despite the well-established authority cited above, we decline to award attorney fees and costs at this time.

{¶ 12} Accordingly, appellants' sole assignment of error is overruled, appellees' motion for sanctions is denied, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Motion denied;*
*judgment affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

_____