[Cite as *State v. Pankey*, 2014-Ohio-3890.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 14AP-190 |
| v. | : | (C.P.C. No. 10CR-05-2704) |
| Cheryl Pankey, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 9, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Cheryl Pankey*, pro se.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Cheryl Pankey, defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, in which the court denied her petition for post-conviction relief.

{¶ 2} The underlying facts of the crime for which appellant was convicted are largely irrelevant to the issues on appeal. In general, on August 30, 2009, appellant and two others forced a person into his residence at gunpoint and stole several items from the residence. On May 4, 2010, appellant was indicted on one count of aggravated burglary, one count of aggravated robbery, one count of robbery, two counts of kidnapping, one count of receiving stolen property, and one count of having a weapon while under disability. The identity of the other two perpetrators remained unknown.

{¶ 3}   On the date set for trial, January 24, 2011, the State of Ohio, plaintiff-appellee, offered a plea deal to appellant in which she would plead guilty to one count of robbery, a felony of the second degree, with a recommendation of a four-year sentence, in exchange for her cooperation regarding the identity of the other two perpetrators. Appellant rejected the plea offer and indicated her desire to proceed with a trial.

{¶ 4}   The next day, January 25, 2011, appellant informed the court that she desired to change her plea to guilty to one count of robbery, a felony of the second degree. Under the terms of the plea agreement, the state and appellant jointly recommended a presentence investigation ("PSI"). The prosecutor informed the court that it would wait to recommend a sentence until after the PSI. The trial court informed appellant of the maximum sentence, and appellant acknowledged she understood such.

{¶ 5}   On March 10, 2011, the trial court held a sentencing hearing, at which the prosecutor told the court that, because appellant failed to offer police any useful information about the two other perpetrators of the crime, the state would not recommend the four-year sentence. On March 11, 2011, the trial court sentenced appellant to six years in prison and imposed a fine.

{¶ 6}   Appellant appealed, arguing the trial court failed to comply with Crim.R. 11, and the trial court abused its discretion when it imposed the six-year sentence instead of a four-year sentence. In *State v. Pankey*, 10th Dist. No. 11AP-378, 2011-Ohio-6461, we affirmed the trial court's judgment.

{¶ 7}   On November 11, 2011, appellant filed a petition to vacate or set aside judgment of conviction or sentence, which the trial court construed as a petition for post-conviction relief. On February 6, 2014, the trial court issued a decision and entry denying appellant's petition for post-conviction relief. The trial court concluded appellant could have raised each of her claims in her direct appeal, and the information relied on by appellant was included in the original record. Notwithstanding, the trial court found appellant's trial counsel was not ineffective with regard to advising her on her guilty plea, she waived any arguments regarding defects in the indictment by pleading guilty, she was aware that there was no jointly recommended sentence, and she was not forced to incriminate herself by providing information to the state. Appellant appeals the judgment of the trial court, asserting the following five assignments of error:

[I.] Defendant-appellate had been denied her constitutionally secured privilege against self-incrimination and rights to due process and effective assistant to counsel when her trial counsel, the judge and her prosecutor coerced and induced her guilty plea by the false promise that in exchange for her plea the court would sentence her to 4 years.

[II.] Defendants Fifth and Fourteenth Amendments of the US Constitution Section 16 Article I Ohio Constitution Due Process rights were violated. The trial court denied the defendant appellant her Fourteenth Amendment Rights to due process when it failed to honor its agreements used to induce a plea.

[III.] Defendant appellants state constitutional rights and federal constitutional rights were violated when her plea of guilty was coerced through unethical negotiations involving trial judge.

[IV.] Defendants petition was not barred by res judicata because defendant did not raise on direct appeal any claim in rega4rd to her trial counsels erroneous advice and improperly advising defendants to plead guilty.

[V.] The trial judge error in acting on defendants petition of relief under Ohio Revised Code Ann 2953.21 because the judge was under a compulsory duty pursuant to Ohio Judiicial conduct Cannon (3) (C) (1) (A) to disqualify herself since the proceeding involved a determination of disputed issue of fact of which the judge had personal knowledge.

(Sic passim.)

{¶ 8} We will address appellant's assignments of error together. In her first assignment of error, appellant argues she was denied effective assistance of counsel when she was coerced into pleading guilty by the false promise that she would be sentenced to four years in prison in exchange for her guilty plea. Appellant argues in her second assignment of error that the trial court failed to honor its agreement to sentence her to four years in prison in exchange for her guilty plea. Appellant argues in her third assignment of error that she was coerced into pleading guilty by unethical negotiations involving the trial judge. Appellant argues in her fourth assignment of error that her petition was not barred by res judicata because she never raised on direct appeal any

claim regarding her trial counsel's erroneous advice to plead guilty. Appellant argues in her fifth assignment of error that the trial judge erred when she failed to disqualify herself.

{¶ 9} In general, a petition for post-conviction relief "is a statutory vehicle designed to correct the violation of a defendant's constitutional rights." *State v. Towler*, 10th Dist. No. 05AP-387, 2006-Ohio-2441, ¶ 6, citing *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 28. The post-conviction relief process "is a civil collateral attack on a criminal judgment, not an appeal of that judgment," and thus a petition for post-conviction relief "does not provide a petitioner a second opportunity to litigate his or her conviction." *Id.*

{¶ 10} A trial court may dismiss a petition for post-conviction relief if the court determines that the doctrine of res judicata is applicable. *State v. Melhado*, 10th Dist. No. 13AP-114, 2013-Ohio-3547, ¶ 10, citing *State v. Aleshire*, 5th Dist. No. 2011-CA-99, 2012-Ohio-772, ¶ 21, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996). The doctrine of res judicata "precludes a defendant from raising an issue 'in a motion for postconviction relief if he or she could have raised the issue on direct appeal.' " *Id.*, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997). For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial record and it must not be evidence that existed or was available for use at the time of trial. *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 17, citing *State v. Cole*, 2 Ohio St.3d 112 (1982), syllabus. A trial court's decision granting or denying a petition for post-conviction relief will be upheld absent an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.

{¶ 11} In the present case, appellant contends her trial attorney, the prosecutor, and the trial court improperly coerced her or misled her into believing that her prison sentence would be four years, when the trial court actually sentenced her to six years. Appellant argues that her attorney advised her to state during the Crim.R. 11 colloquy on January 25, 2011 that no promises were made to induce her to plead guilty and such was directly contradicted by her trial counsel's January 28, 2011 letter that indicated there was an agreed upon sentence of four years. She asserts that she never raised these

arguments on direct appeal, so they should not be barred by res judicata. Appellant also contends the prosecutor and the trial court reneged on their promises to sentence her to four years imprisonment. Similarly, appellant asserts the trial court improperly participated in plea discussions but failed to impose the promised four-year sentence. Appellant maintains that the trial judge should have disqualified herself from the case because she had personal knowledge of a disputed issue.

{¶ 12} In its decision, the trial court found each of appellant's various claims could have been raised during her direct appeal, and the information attached to and included with her petition did not contain any supporting materials outside of the original record. We agree. The January 28, 2011 letter from appellant's trial counsel was obviously in existence at the time of her March 2011 sentencing and subsequent appeal. Furthermore, we addressed the sentencing issue in *Pankey*. In that appeal, appellant argued the trial court abused its discretion by imposing a six-year prison sentence rather than the four-year sentencing recommendation of the prosecutor. We found that appellant actually rejected the four-year offer and, under the terms of the plea agreement, the prosecution and defense agreed only to a joint recommendation for a PSI report. *Id.* at ¶ 23. We concluded the sentence imposed was within the statutory range and was not contrary to law. *Id.* Accordingly, because the evidence upon which appellant relied in her motion for post-conviction relief was in existence and available at the time of sentencing, the alleged error could have been raised in *Pankey* and, since we already addressed the four-year versus six-year sentence in *Pankey*, we find res judicata bars appellant from raising the same issue herein.

{¶ 13} With regard to appellant's argument that the trial judge erred when she failed to disqualify herself from the proceedings because she had personal knowledge of a disputed issue of fact, that argument must be rejected on res judicata grounds as well. The facts underlying this argument were known to appellant at the time of the sentencing hearing and direct appeal. In addition, the authority to pass upon the disqualification of a judge of the court of common pleas is vested solely in the Chief Justice of the Supreme Court of Ohio or his/her designee. *Beer v. Griffith*, 54 Ohio St.2d 440 (1978); *Kettering v. Berger*, 4 Ohio App.3d 254, 255 (2d Dist.1982); *State v. Dougherty*, 99 Ohio App.3d 265, 268 (3d Dist.1994). It is well-established that a court of appeals is without authority

to render a decision with regard to disqualification or to void a trial court's judgment on that basis. *Id.* at 269; *State v. Ramos*, 88 Ohio App.3d 394, 398 (9th Dist.1993). Therefore, this court has no authority to pass upon these issues. For all the foregoing reasons, we overrule appellant's first, second, third, fourth, and fifth assignments of error.

{¶ 14} Accordingly, appellant's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and CONNOR, JJ., concur.

_____