The STATE of Ohio, Appellee,

v.

RAMOS, Appellant.

[Cite as *State v. Ramos* (1993), 88 Ohio App.3d 394.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005497.

Decided June 23, 1993.

*Gregory A. White,* Lorain County Prosecuting Attorney, for appellee.

*Kort Gatterdam,* for appellant.

BAIRD, Judge.

This cause comes before the court upon the appeal of Anthony Ramos upon the denial of his petition for postconviction relief filed pursuant to R.C. 2953.21. This petition was denied, without hearing, by the Lorain County Court of Common Pleas.

Ramos was indicted in September 1989 on one count of rape (R.C. 2907.-02[A][1][b] ) and one count of gross sexual imposition (R.C. 2907.05[A][3] ). He was arraigned and pled not guilty to the charges.

On February 8, 1990, Ramos withdrew the plea of not guilty and entered a plea of guilty. After examination by the court, his plea was accepted and he was sentenced to seven to twenty-five years on the rape charge and two years incarceration on the gross sexual imposition charge.

Ramos filed a petition for postconviction relief in August 1991, along with a motion for the trial court to recuse itself from determining the merits of the petition. These motions were supported by several affidavits, including those of his trial counsel and several family members who were present during conversations between Ramos and his attorney.

In his petition, Ramos alleged that his trial counsel entered into plea negotiations with the prosecutor and the judge and that his counsel advised him that he would be given an opportunity to plead guilty. In exchange, he would be released on "supershock" probation after serving one year of his sentence. According to Ramos, his counsel also told him that the "deal" would not be discussed on the record.

After pleading guilty and serving one year of his sentence, a motion for supershock probation was filed. However, this motion was denied by the trial court because persons convicted of rape are not eligible for probation under any circumstances. R.C. 2951.02.

Ramos alleged that, because of the faulty assurances of trial counsel, he was induced to plead guilty and, therefore, his plea was not knowingly, voluntarily, and intelligently made. Ramos also argued that, due to the trial judge's alleged involvement in the plea negotiations and the likelihood that she would be called to testify at an evidentiary hearing on the issue, the court should recuse itself.

Both the petition for postconviction relief and the motion for recusal were denied without hearing. Ramos now appeals, asserting three assignments of error.

### Assignments of Error Nos. I and II

"I. A trial court errs when it fails to allow a defendant to withdraw a guilty plea that he entered into upon the belief that he would receive supershock probation. Said error deprives a defendant of his rights to due process guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article One, Sections Five, Ten and Sixteen of the Ohio Constitution.

"II. A defendant is denied the effective assistance of trial counsel, guaranteed by the Ohio and United States Constitutions, when counsel erroneously promises a defendant that he will receive supershock probation after serving one year of a rape sentence."

Appellant alleges that the trial court should have allowed him to withdraw a guilty plea which was entered based upon a promise of probation which was made by his attorney. We find that the trial court should have conducted an evidentiary hearing on these matters and remand the cause for that purpose.

In his motion to vacate, appellant alleged that his guilty plea was induced by his attorney's statement that a deal had been made with the prosecution and judge and his promise that supershock probation would be granted within one year of his conviction. If that is true, appellant's guilty plea was arguably not knowingly, voluntarily and intelligently made, and his conviction could be overturned. *Machibroda v. United States* (1962), 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473, 478; *State v. Bowen* (1977), 52 Ohio St.2d 27, 6 O.O.3d 112, 368 N.E.2d 843.

"Where a claim raised by a petition for postconviction relief under R.C. 2953.21 is sufficient on its face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files and records of the case, the petition states a substantive ground for relief." *State v. Milanovich* (1975), 42 Ohio St.2d 46, 71 O.O.2d 26, 325 N.E.2d 540, paragraph one of the syllabus. See, also, *State v. Legree* (1988), 61 Ohio App.3d 568, 575, 573 N.E.2d 687, 692.

Although the legal landscape has changed since *Milanovich,* with the adoption of Crim.R. 11, it remains the law that a petitioner is entitled to a hearing when he has submitted evidentiary documents containing "sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises." *State v. Kapper* (1983), 5 Ohio St.3d 36, 38, 5 OBR 94, 96, 448 N.E.2d 823, 826; *State v. Davis* (Sept. 30, 1991), Wood App. No. 91WD002, unreported, 1991 WL 192184.

Appellee argues, and the trial court held, that it is evident from the record that the trial judge questioned the appellant and elicited all the information required by Crim.R. 11(C) before accepting the plea and that the plea was voluntary. This argument, however, ignores the affidavits[1] submitted by the appellant that an agreement was made off the record between his attorney and the prosecutor and judge. Appellant's claim, by its very nature, is one which cannot be determined without an examination of evidence *de hors* the record. Therefore, a hearing should have been held before the trial court to determine if, in fact, there was sufficient evidence to support appellant's claims of ineffective assistance of counsel and the invalidity of his plea.

These assignments of error are well taken.

---

1. Ramos claims that "Mr. Bradley said the deal was off the record so just answer all the questions at the plea as if no deals had been made." The attorney, Bradley, admits that "I told [Ramos] that the discussion I had with the Judge and Prosecutor would not be discussed on the record during his plea." Bradley also admits that he mistakenly informed Ramos that he would be eligible for shock probation and would get out of jail in one year.

### Assignment of Error No. III

"The trial court erred in failing to recuse itself from deciding appellant's post-conviction petition when the trial court had personal knowledge of disputed evidentiary facts and would have been a witness had an evidentiary hearing been granted."

■ A court of appeals is without authority to pass upon disqualification or to void the judgment of the trial court upon that basis. *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441–442, 8 O.O.3d 438, 439–440, 377 N.E.2d 775, 776; *State v. Greer* (Oct. 28, 1992), Summit App. No. 15217, unreported, at 18, 1992 WL 316350. R.C. 2701.03 sets forth the procedure by which a party may seek disqualification. The statute requires the party seeking disqualification to file an affidavit of prejudice with the Ohio Supreme Court. This court, therefore, has no jurisdiction to pass upon this issue, and the third assignment of error is overruled.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

COOK, P.J., and DICKINSON, J., concur.