DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Richard Roderick has appealed from an order of the Summit County Common Pleas Court that denied his petition for postconviction relief and effectively denied his motion for recusal of the trial judge. He has argued that (1) the trial court incorrectly denied his petition in light of the trial court's bias toward him during his trial, the trial court's failure to sever the trials of defendant and his codefendants, and the ineffective assistance of defendant's trial counsel, and (2) the trial court incorrectly failed to grant his motion for the judge to recuse himself from the case, as he had been the prosecutor in defendant's original trial.[1] This Court affirms the judgment of the trial court because the claims raised in defendant's petition were barred by the doctrine of resjudicata and this Court is without jurisdiction to review the trial judge's failure to recuse himself.
 I.
During 1991, defendant was convicted of three counts of aggravated robbery, three counts of kidnaping, and three firearm specifications. He appealed to this Court, which affirmed his convictions. See State v. Roderick (Sept. 30, 1992), Summit App. No. 15503, unreported. On September 18, 1996, defendant filed a petition for postconviction relief, raising several claims. The claims were briefly outlined and no supporting documentation was attached. Defendant explained in the petition that a supplement would be forthcoming. On November 19, 1996, he filed a supplement to his petition and moved the trial court to accept it, which motion the trial court granted. The supplement contained specific explanations of his claims and was accompanied by a single document, an affidavit in support of one of his claims. Along with the supplement, defendant filed a "Motion for an Order of Recusal," in which he requested that the trial judge recuse himself because he had been the prosecutor at defendant's trial. Without ruling on the request that the judge recuse himself, the trial court denied defendant's petition on April 7, 1997, citing as its reasons the doctrine of res judicata and its determination that there had been no substantial infringement of defendant's constitutional rights. Defendant timely appealed to this Court.
 II. A.
Defendant's first assignment of error is that the trial court incorrectly denied his petition in light of the trial court's bias toward him during his trial, the trial court's failure to sever the trials of defendant and his codefendants, and the ineffective assistance of his trial counsel. For support, he has cited to the transcript of his arraignment to show the trial judge's alleged bias toward him; to the fact of joinder to demonstrate procedural unfairness; to parts of the trial transcript to establish that a co-defendant's behavior was "outrageous" and deprived him of a fair trial by reflecting negatively on him in front of the jury; and to the alleged failure of his attorney to object or move for a mistrial "despite the actions of [his codefendant]" to show his counsel's ineffectiveness.
Any of these claims that were or could have been raised during defendant's direct appeal were not properly raised in the postconviction relief proceeding because they were barred by the doctrine of res judicata:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus (approving and following State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus). In order to avoid the bar of res judicata, claims for postconviction relief must rely on evidence outside the record. State v. Milanovich (1975), 42 Ohio St.2d 46, 50.
A review of the record reveals that the only documentary evidence outside the record that defendant relied on in his petition was an affidavit from the attorney for his codefendant, Frankie Porter, in which the attorney stated that Mr. Porter had attempted to escape in the jury's presence. That affidavit, however, was merely cumulative of evidence in the trial transcript at pages 1507-1508, where the fact of the attempted escape was discussed by defendant's counsel and the trial judge. Evidence outside the record, merely because it is attached to the petition for post-conviction relief, does not automatically defeat the resjudicata bar. Evidence outside the record must meet "some threshold standard of cogency; otherwise it would be too easy to defeat the holding of Perry by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim[.]" State v. Lawson (1995), 103 Ohio App.3d 307,315. The affidavit, purporting to help show the incompetence of defendant's attorney, only repeated what was in the record and, therefore, added nothing to defendant's ineffective assistance claim.
Furthermore, the ineffective assistance claim was without merit in any case. The only claim of ineffective assistance that was supported with any specificity in the petition was that defendant's trial was unfair due, in part, to the fact that the jury witnessed an attempt by Frankie Porter to escape, that defendant was allegedly closely associated with the disruptive behavior of Frankie Porter which in turn reflected negatively on him, and that his trial counsel failed to object or file any motion, including a motion for mistrial, based on the actions of Frankie Porter. This assertion about his counsel, however, is directly and completely contradicted by the trial transcript at pages 1507-1508:
 [Defendant's Counsel]: On behalf of my client, Richard Roderick, I would like to make another motion for a mistrial based on the conduct of Frankie Porter when he attempted to escape yesterday afternoon. That was in full view of the jury, and then when he was extremely disrespectful to the Court, that was also in full hearing of the jury.
 I feel that my client was prejudiced by that and would move for a mistrial.
 The Court: Well, I can only say that they weren't. I don't know why the jury would be prejudiced against your client for something that Frankie Porter did.
 [Defendant's Counsel]: I'm just afraid that we have lumped all these fellows together as the, quote, cooler bandits.
* * *
The Court: I will deny the motion.
All of defendant's claims, therefore, could have been determined by reviewing the official record that was before the trial court. This, coupled with the fact that defendant was represented by different attorneys at trial and on direct appeal, means that all of his claims could have been raised on direct appeal and were, therefore, barred by res judicata. See State v.Szefcyk, supra. See, also, State v. Cole (1982), 2 Ohio St.3d 112,113-114 (defendant represented by same attorney at trial and on appeal is not barred by the doctrine of res judicata from raising a claim of ineffective assistance of trial counsel in a petition for postconviction relief). Defendant's first assignment of error is overruled.
 B.
Defendant's second assignment of error is that the trial court incorrectly failed to grant his motion for the judge to recuse himself from the case, as he had been the prosecutor in defendant's original trial. It is unfortunate that the judge ignored defendant's reasonable request. This Court, however, is without authority to review a matter involving the disqualification of a judge. See State v. Ramos (1993), 88 Ohio App.3d 394,398. The procedure for seeking disqualification of a judge is set forth in Section 2701.03 of the Ohio Revised Code. See id. Further, as determined above, defendant's claims in his petition for postconviction relief were barred by res judicata. Any error in the failure of the trial court to grant defendant's motion for recusal, however unfortunate, was, therefore, harmless. Defendant's second assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
QUILLIN, P.J.
REECE, J., CONCUR
[1] Defendant's assignments of error have been rearranged for ease of discussion.