OPINION
This is a mandamus action in which relator, Brian F. Cunningham, is seeking the issuance of an order requiring the trial judge in the underlying case to recuse herself. Upon reviewing the mandamus petition in its entirety, this court hassua sponte decided that relator has failed to satisfy the basic statutory requirements for filing a mandamus action. Accordingly, relator's petition shall be dismissed.
In his petition, relator asserts that he is a party to a case which is presently pending in the Domestic Relations Division of the Trumbull County Court of Common Pleas. Relator further asserts that, during a recent hearing in that case, the trial judge violated a number of his constitutional rights. Based upon this, he requests that the trial judge be removed from the case.
Under the caption of his petition, relator has named Maridee Costanzo, who is the opposing party in the underlying case, as the sole respondent in the instant action. In responding to the petition, Costanzo merely argues that the merits of this action have been rendered moot because she and relator have reached a settlement of the underlying case. In his reply, relator contends that the merits of his petition are not moot because the trial judge coerced him into accepting the settlement.
For the following reasons, this court holds that it is not necessary for us to address the mootness issue. Specifically, we conclude that relator's petition is fatally defective because relator has failed to caption his petition in the proper manner.
R.C. 2731.04 provides that a mandamus petition must be brought "in the name of the state on the relation of the person applying, * * *." In interpreting this statute, the courts of this state have consistently held that the filing of a mandamus petition in the name of the state is a mandatory requirement and that the failure to do so constitutes a sufficient reason, in and of itself, to dismiss the action. State ex rel. Lesko v. CuyahogaCty. Court of Common Pleas (Apr. 15, 1999), Cuyahoga App. No. 76165, unreported. Furthermore, this court has expressly stated that a mandamus action can be dismissed on this basis even if it is not asserted in a motion to dismiss; i.e., a violation of R.C.2731.04 requires this court to dismiss the action sua sponte.Smith v. State (Aug. 29, 1997), Trumbull App. No. 97-T-0051, unreported.
Our review of relator's petition in the instant case readily indicates that he filed the petition in his own name, instead of in the name of the state. Accordingly, as relator did not comply with R.C. 2731.04, dismissal of this action is warranted.
As an aside, this court would further note that, even if relator had captioned this case in the proper manner, we still could not have reached the merits of his argument. First, we would emphasize that relator did not name the trial judge as a party to this action. Given that the purpose of a writ of mandamus is to compel a judicial officer or other public officer to perform a legal duty, it follows that the officer in question must be a party to the case.
Second, even if the action had been brought against the proper party, a writ could not have been issued because this court does not have the authority to order a trial judge to recuse herself. Pursuant to R.C. 2701.03, a request to disqualify a trial judge must be filed with the Supreme Court of Ohio. SeeState v. Ramos (1993), 88 Ohio App.3d 394, 398. Thus, even if the allegations in relator's petition are assumed to be true, they are not sufficient to state a viable claim in mandamus.
As relator's petition does not satisfy the statutory requirements for the filing of a mandamus action, it is the suasponte order of this Court that the mandamus petition is hereby dismissed.
PRESIDING JUDGE JUDITH A. CHRISTLEY, JUDGE WILLIAM M. O'NEILL, JUDGE JOSEPH E. MAHONEY, PER CURIAM.