[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} Defendant, Leo E. Scruggs, pro se, appeals the judgment of the Franklin County Court of Common Pleas denying his motion for relief from judgment made pursuant to Crim.R. 57(B) and Civ.R. 60(B). For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} The underlying facts in this case are taken directly from this court's March 9, 2000 opinion in which we affirmed defendant's conviction for aggravated robbery in violation of R.C. 2911.01(B).
 {¶ 3} "On November 12, 1998, Detective Douglas Eckhart, a member of the narcotics tactical entry team ("INTAC") of the Columbus Police Department, participated in the entry of a two-story house with a search warrant. To disorient the occupants of the house momentarily, the INTAC team shot wooden pellets called `knee knockers' into the first floor of the house before entering. Eckhart, who was carrying a semiautomatic magazine-fed rifle with a flashlight attached to the barrel, was the lead officer of the third two-officer team assigned to secure the second floor. As Eckhart and his partner, Detective Bruce Orlov, proceeded up the steps to the second floor, Eckhart saw appellant look out a bedroom door. When appellant saw the officers, he slammed the door shut. Eckhart and Orlov went into the bedroom, but did not immediately see appellant. They checked various areas of the room but still could not locate appellant.
 {¶ 4} "Eckhart testified that, knowing there was no other place where appellant could have hidden, he began to search a closet. While searching the closet, Eckhart called for appellant to come out of the closet and announced that he was a police officer. Because the closet was dark, Eckhart used the flashlight attached to his rifle to see inside. Eckhart then saw appellant's legs on a recessed shelf in the back of the closet, ordered appellant to come out of the closet, and again announced that he was a police officer. Appellant grabbed the end of Eckhart's rifle but because the rifle was attached to Eckhart's body with a sling, he could not seize the rifle. Eckhart testified that as he and appellant wrestled with the gun, Eckhart lost his balance and fell into the closet. Eventually, Eckhart regained his footing and pulled appellant out of the closet. Once appellant was out of the closet, Eckhart finally jerked the rifle from his hands. Eckhart testified that he and appellant wrestled with the gun for approximately thirty seconds. Appellant was then taken into custody." State v. Scruggs (Mar. 9, 2000), Franklin App. No. 99AP-664, discretionary appeal not allowed (2000), 89 Ohio St.3d 1427.
 {¶ 5} On December 16, 1998, defendant was indicted on one count of aggravated robbery in violation of R.C. 2911.01(B). The indictment alleged that on November 12, 1998, defendant, without privilege to do so, knowingly removed or attempted to remove a deadly weapon from Eckhart, a law enforcement officer, who was acting within the course and scope of his duties and whom defendant knew or had reasonable cause to know was a law enforcement officer. After a March 22, 23 and 24, 1999 jury trial, defendant was convicted of the charge. The court sentenced him to a six-year term of imprisonment. As noted previously, this court affirmed defendant's conviction, rejecting his contentions that the evidence was insufficient to support his conviction and that his conviction was against the manifest weight of the evidence. Id.
 {¶ 6} On February 23, 2002, defendant filed a pro se "Motion Pursuant to Criminal Rule 41(D)" requesting that the trial court provide him a copy of the search warrant and inventory associated with his case. By entry dated March 15, 2001, the trial court summarily denied defendant's request.
 {¶ 7} On March 18, 2002, defendant, again acting pro se, filed a motion for relief from judgment pursuant to Crim.R. 57(B) and Civ.R. 60(B), claiming an alleged failure by the state to provide the search warrant and inventory in discovery. According to defendant, despite his timely demand for discovery, he did not receive a copy of the returned warrant and inventory (which was not filed until February 9, 1999) until his federal public defender provided it to him on January 15, 2002, in connection with his federal habeas corpus case. Defendant asserted that information contained in the inventory demonstrated that the state "withheld some factual materials that [were] supportive of defendant's innocence" and "failed to refrain from knowingly using perjured testimony and/or [failed to] correct testimony that [the state knew] to be false." (March 18, 2002 motion, at 9.) In particular, defendant claimed that the inventory, which provided that illegal drugs had been seized from the premises, contradicted Eckhart's trial testimony that no drugs had been found on defendant's person. According to defendant, had he had access to the inventory list at the time of trial, he could have used it to discredit Eckhart's testimony. He further argued that because the prosecution knew that Eckhart's testimony was false, the prosecution was obligated to correct Eckhart's testimony. Defendant claimed that the state's failure to provide the returned warrant and inventory constituted a violation of his due process rights in contravention of Brady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194.
 {¶ 8} On April 8, 2002, defendant filed a pro se motion requesting that the trial judge recuse herself from further proceedings in the case. Defendant contended that because the trial judge presided over defendant's criminal trial, denied his request for a warrant and inventory, and allegedly provided him a copy of an unrelated search warrant, further participation by the trial judge in the proceedings "gives rise to the appearance of impropriety and possible bias * * *." (April 8, 2002 motion, at 2.)
 {¶ 9} By decision and entry filed May 7, 2002, the trial court denied defendant's motion for relief from judgment. Noting that defendant's conviction had been affirmed by this court and that his previous request for the discovery materials had been overruled, the court determined that defendant's motion was barred by the doctrines of res judicata and waiver.
 {¶ 10} Defendant appeals the trial court's judgment, advancing three assignments of error, as follows:
 {¶ 11} "[1.] The trial court judge failed to recuse herself when the Appellant filed a Motion of Recusal alleging Conflict of Interest and Prejudice.
 {¶ 12} "[2.] The trial court judge committed prejudicial error to Appellant in denying Appellant's Motion For Relief From Judgment without conducting an evidentiary hearing where the motion and affidavit contain sufficient allegations of operative facts which would support a meritorious defense to the judgment.
 {¶ 13} "[3.] The trial court judge failed to clarify for the record whether or not the third search warrant in this case, found by the Federal Investigative Team, was the actual warrant in this case."
 {¶ 14} By his first assignment of error, defendant contends that the trial judge should have recused herself from further proceedings in defendant's case. Upon review of the record, it appears that the trial court failed to rule upon defendant's motion for recusal. When a court fails to rule upon a motion, the motion is generally deemed to have been overruled. Dehlendorf Company v. Jefferson Township, Franklin App. No. 02AP-334, 2003-Ohio-1641, at ¶ 102, citing State v. Cassels v. Dayton City School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 217, 223.
 {¶ 15} If defendant believed that the trial judge was biased or prejudiced against him at any stage of the trial court proceedings, his remedy was to file an affidavit of prejudice with the clerk of the Ohio Supreme Court. R.C. 2701.03. R.C. 2701.03 "provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced." Jones v. Billingham (1995), 105 Ohio App.3d 8, 11. Only the Chief Justice of the Ohio Supreme Court or his designee has the authority to determine a claim that a common pleas court judge is biased or prejudiced. Beer v. Griffith (1978), 54 Ohio St.2d 440, 441. Thus, an appellate court is without authority to pass upon issues of disqualification or to void a judgment on the basis that a judge should be disqualified for bias or prejudice. Id.; State v. Ramos (1993),88 Ohio App.3d 394, 398.
 {¶ 16} Defendant suggests in his brief that participation by a trial judge in a case that gives rise to the appearance of impropriety and possible bias may constitute grounds for relief under Civ.R. 60(B)(5), which is a "catchall" provision reflecting the inherent power of a court to relieve a party from the unjust operation of a judgment. While we agree generally with defendant's proposition of law, see Volodkevich v. Volodkevich (1988), 35 Ohio St.3d 152, syllabus, we find it inapplicable to the instant case. Even assuming that this court has jurisdiction to vacate the court's denial of defendant's motion for relief from judgment where judicial bias is raised in a Civ.R. 60(B) motion, we find that defendant's aforementioned contentions do not establish or even raise a reasonable question that the trial judge exhibited bias or prejudice. In short, nothing in the record supports defendant's unfounded claims of prejudice. Accordingly, the first assignment of error is not well-taken.
 {¶ 17} Defendant's second and third assignments of error are interrelated and, thus, will be addressed together. Defendant contends that the trial court erred in overruling his motion for relief from judgment.
 {¶ 18} As noted previously, defendant filed his motion for relief from judgment pursuant to Crim.R. 57(B) and Civ.R. 60(B). The Ohio Rules of Procedure provide for motions for relief of judgment in the civil context, see Civ.R. 60; however, no such procedure exists in the criminal arena. Crim.R. 57(B) permits a court to look to the rules of civil procedure if no applicable rule of criminal procedure exists. Without endorsing the propriety of challenging a criminal conviction via Civ.R. 60(B), we note that on occasion courts, including this court, have considered Civ.R. 60(B) challenges in criminal cases. See State v. Wooden, Franklin App. No. 02AP-473, 2002-Ohio-7363, at ¶ 8; State v. Wells (Mar. 30, 1993), Franklin App. No. 92AP-1462; State v. Hasenmeier (Mar. 18, 1994), Erie App. No. E-93-33; and State v. Riggs (Oct. 4, 1993), Meigs App. No. 503.
 {¶ 19} Civ.R. 60(B) enumerates various grounds upon which relief from final judgments and orders may be granted. The rule states in part:
 {¶ 20} "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial * * *; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken * * *"
 {¶ 21} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 22} The moving party must satisfy all three prongs of the test. Id. at 151. Where the movant fails to assert operative facts which would warrant relief, the motion may be denied without a hearing. Kay v. Marc Glassman, Inc. (1966), 76 Ohio St.3d 18, 19.
 {¶ 23} A trial court is vested with complete discretion in deciding whether to grant or deny a Civ.R. 60(B) motion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. Thus, a trial court's ruling will not be disturbed on appeal absent an abuse of discretion. Id. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 24} As noted previously, defendant alleged in his motion that he has obtained "newly discovered" evidence containing sufficient operative facts to support a meritorious Brady claim, i.e., that the state failed to disclose favorable evidence that was material to his guilt or punishment. The alleged "newly discovered" evidence provided by defendant consisted of the returned search warrant and inventory purportedly showing that the state failed to return the warrant and prepare the inventory in a timely manner. As we have stated, defendant claimed that information contained in the inventory regarding illegal drugs seized from the premises contradicted Eckhart's trial testimony that no drugs had been found on defendant. According to defendant, had he had access to the inventory at the time of trial, he could have used the information contained therein to discredit Eckhart's testimony. He further argued that because the prosecution knew that Eckhart's testimony was false, the prosecution was obligated to correct Eckhart's testimony. The trial court found that this issue was barred by the doctrine of res judicata. We agree.
 {¶ 25} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment." (Citations omitted.) State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus.
 {¶ 26} A review of the record demonstrates that the issue raised in defendant's motion for relief from judgment could have been raised prior to trial or on direct appeal. Trial counsel was aware that the search warrant had not been returned pursuant to Crim.R. 41(D) and (E).[1] In opening statement, trial counsel stated: "[y]ou will find that after this incident occurred, there was supposed to be a search warrant filed. Let's find out if there was." (Tr. 15.) However, defendant's trial counsel did not file a motion to suppress evidence or a motion challenging his arrest based upon any problems associated with the search warrant. Further, defendant did not raise the issue in his direct appeal. Accordingly, the trial court properly determined that the underlying claim was barred by the doctrine of res judicata.
 {¶ 27} Moreover, even assuming that the issue was not barred by the doctrine of res judicata, the newly discovered evidence does not contain sufficient operative facts to demonstrate that defendant has a meritorious claim or defense to present if relief is granted.
 {¶ 28} In this case, defendant contends that the police officers involved in the November 12, 1998 raid and the judge before whom the warrant was returned failed to comply with the requirements of Crim.R. 41(D) and (E) because the return and inventory were not filed "promptly" with the clerk, as they were not filed until February 9, 1999, approximately 90 days after execution of the warrant. Defendant contends that this failure violated defendant's constitutional right to due process. However, the Ohio Supreme Court held in State v. Downs (1977),51 Ohio St.2d 47, 64-65, vacated on other grounds, Downs v. Ohio (1978),438 U.S. 909, 98 S.Ct. 3133, that noncompliance with Crim.R. 41 with respect to the return of a search warrant is merely an administrative error, and is not an error of constitutional magnitude.
 {¶ 29} Further, contrary to defendant's suggestion, the record fails to affirmatively disclose any prejudice accruing to defendant as a consequence of the failure to promptly file the return and inventory. Defendant's claim that the state failed to reveal Brady material is specious, given that defense counsel knew at trial that the warrant and inventory had not been filed. Further, we find unavailing defendant's argument that had he had access to the inventory prior to trial, he could have used it to discredit Eckhart's trial testimony that no drugs were found during the raid. Contrary to defendant's suggestion, Eckhart did not testify that no drugs were found; rather, he averred only that he did not know whether drugs were found. Moreover, since Eckhart's testimony was not false, the state had no obligation to correct it. Finally, we fail to comprehend how defendant considers the information contained in the inventory, i.e., that illegal drugs were found on the premises, "supportive of [his] innocence."
 {¶ 30} Upon review of the record, we conclude that the trial court did not abuse its discretion in denying defendant's Civ.R. 60(B) motion for relief from judgment. The issues raised in the motion were barred by the doctrine of res judicata. Further, defendant did not allege sufficient operative facts to demonstrate that he has a meritorious claim or defense. Because defendant failed to assert operative facts which would warrant relief, he was not entitled to a hearing. Defendant's second and third assignments of error are therefore not well-taken.
 {¶ 31} For the foregoing reasons, all three of defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed. We further overrule defendant's pro se November 21, 2002 "Motion to Dismiss Appellee's Brief For Failure To File Within A Timely Fashion." Therein, defendant argued that the state's brief was untimely and should be stricken because it was not served and filed within 20 days after service of appellant's brief as required by App.R. 18(A). In particular, defendant contended that he filed his corrected brief on July 29, 2002; thus, the state's brief was due no later than August 18, 2002. The record reveals that the state's brief was not filed until November 8, 2002. However, the record contains the state's motion for leave to file its brief instanter, in which the state contended that it had not been served a copy of defendant's brief and was unaware that the brief had been filed until notified by the Clerk of Court's office. This court granted the state's motion by journal entry filed November 19, 2002. Thus, the state's brief was not untimely filed. Accordingly, defendant's "Motion to Dismiss Appellee's Brief for Failure to File Within a Timely Fashion" is overruled.
Motion overruled; judgment affirmed.
BROWN and LAZARUS, JJ., concur.
[1] Crim.R. 41(D) states, in pertinent part, that "[t]he officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken, or shall leave the copy and receipt at the place from which the property was taken. The return shall be made promptly and shall be accompanied by a written inventory of any property taken. * * *" Crim.R. 41(E) provides that "[t]he judge before whom the warrant is returned shall attach to the warrant a copy of the return, inventory, and all other papers in connection therewith and shall file them with the clerk."