DECISION
{¶ 1} Defendant-appellant, Larry Berman, pro se, appeals from an order of the Franklin County Municipal Court that entered judgment in favor of plaintiff-appellee, State Farm Mutual Automobile Insurance Company, in this action to recover amounts paid to appellee's insured for auto accident damages caused by appellant.
 {¶ 2} The facts indicate that the trial court entered default judgment against appellant, but then granted appellant's motion for relief from judgment and set the matter for trial in October 2004. Appellant failed to appear, and the court awarded appellee judgment for $3,580.43 plus costs and interest, and dismissed appellant's counterclaim with prejudice due to his failure to appear. Less than one hour prior to trial, appellant had filed a "motion to recuse" the trial judge, which the court overruled by entry in November 2004.
 {¶ 3} Appellant now assigns one error:
The trial court committed reversible error in dismissing defendant's counterclaim and rendering judgment in favor of the plaintiff.
 {¶ 4} By this assignment of error, appellant argues that the court should not have dismissed his counterclaim because he had filed a motion to recuse the trial judge. According to appellant, once he moved to recuse the judge, the court lost jurisdiction to proceed with the case.
 {¶ 5} R.C. 2701.031 provides that a party seeking the disqualification of a municipal judge should file an affidavit of disqualification with the clerk of the court in which the proceeding is pending not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled. Here, appellant filed his motion only 55 minutes before the hearing. Courts have held that, if the affidavit is not timely, the movant should present facts in his affidavit showing why timely filing was not possible. See, e.g., Bedford v. Lacey (1985),30 Ohio App.3d 1. Although his motion was accompanied by an affidavit of Attorney Kristen Welcome, appellant's motion did not set forth facts showing why he could not have filed the motion sooner. By his own admission, appellant knew of these facts on October 7, 2004, and had Ms. Welcome's affidavit on October 8, 2004. Thus, we do not agree that appellant could not have filed sooner.
 {¶ 6} But, even if appellant had filed timely, a motion to recuse is not the proper vehicle for seeking the disqualification of a municipal court judge. See, e.g., State v. Lewis (Sept. 14, 2001), Montgomery App. No. 18735. And, we may not void a judgment of the trial court on the basis that the trial court was or should have been disqualified. Statev. Ramos (1993), 88 Ohio App.3d 394, 398.
 {¶ 7} Finally, while we need not reach this issue, we note that appellant's motion and supporting affidavit do not show bias. Rather, "alleged errors of law or procedure are legal issues subject to appeal and are not grounds for disqualification" of a judge. State v. Black
(1993), 85 Ohio App.3d 771, 780.
 {¶ 8} Based upon these considerations, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
Brown, P.J., and Bryant, J., concur.