[Cite as *Katsigianis v. Burdick*, 2024-Ohio-5002.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

RICHARD KATSIGIANIS,

Plaintiff-Appellant,

v.

MELISSA BURDICK,

Defendant-Appellee.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 24 MA 0052

---

Civil Appeal from the
Court of Common Pleas, Juvenile Division, of Mahoning County, Ohio
Case No. 2018 JH 1115

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

Richard Katsigianis, *Pro se*, Plaintiff-Appellant and

*Atty. Rhys B. Cartwright-Jones*, for Defendant-Appellee.

Dated:  October 10, 2024

**HANNI, J.**

{¶1} Plaintiff-Appellant, Richard Katsigianis (Father), appeals from a Mahoning County Common Pleas Court, Juvenile Division, decision dismissing his objections to a magistrate's decision and adopting that decision. The decision denied the motion of Defendant-Appellee, Melissa Burdick (Mother), for shared parenting of the parties' minor son, granted Mother's motion for visitation, and ordered Father to engage the child in counseling. Because the trial court held the hearing on Father's objections to the magistrate's decision before allowing Father the required time to file a transcript of the proceedings before the magistrate, the trial court's judgment is reversed and the matter is remanded.

{¶2} The parties share one minor child (d.o.b. 6/28/13). On July 18, 2023, this matter was transferred from Franklin County to Mahoning County because Father had custody of the child and, at the time, had resided in Mahoning County for more than one year. Also at the time, Mother had monthly supervised visitation with the child at Father's house. Monthly supervised visitation had been in place due to Mother's substance abuse.

{¶3} On June 14, 2023, Mother, who resides in Marysville, Ohio, filed a motion for a change in custody. She requested that the court grant the parties shared parenting. The court set the matter for a hearing before a magistrate and appointed a guardian ad litem (GAL).

{¶4} Father, acting pro se, subsequently filed a motion to dismiss Mother's motion, alleging the trial court did not have jurisdiction due to the child being the beneficiary of some type of trust. The magistrate overruled this motion. And while the matter was pending, the magistrate increased Mother's visitation to weekly, supervised visits.

{¶5} In preparation for the hearing, the magistrate conducted an in-camera interview with the child.

{¶6} The matter proceeded to a hearing before the magistrate on February 14, 2024. Father failed to appear. The magistrate heard testimony from Mother, Mother's fiancé, Mother's sister, and the GAL. The magistrate summarized the testimony in her February 21, 2024 decision as follows.

**{¶7}** Mother's fiancé has lived with her for the past five to six years and they plan to marry in October. However, he has not been permitted to accompany Mother on her visits, so he has not seen the child in three years. They have a bedroom prepared for the child. He is ready, willing, and able to provide for the child when he is in Mother's care.

**{¶8}** Mother's sister testified that she and her family regularly interact with Mother and Mother babysits her children. She has been permitted to attend some visits with Mother and the child and described their visits as "fun and loving."

**{¶9}** Mother testified that she has never missed a visit in 22 months. She admitted that the years she lost with the child when he was younger were her fault due to her addiction. In 2021, she entered a recovery program and she released all of her records to the GAL. She testified that Father has permitted her visitation under his supervision but has refused to expand the visitation. Mother also expressed concerns that Father home-schools the child and the child does not have any interaction with friends or family other than Father.

**{¶10}** The GAL reviewed Mother's treatment records and confirmed her recovery and the changes in her life since 2018. He recommended that transitioning Mother to a standard order of visitation was in the child's best interest. The GAL confirmed that the child spends all of his time with Father, attends school online, and does not spend time with other family or friends.

**{¶11}** The magistrate denied Mother's motion for shared parenting but granted her motion for visitation. The magistrate ordered that Mother was to follow a transitional visitation schedule whereby for two consecutive weekends she would have overnight visits in Mahoning County and on the third weekend she would have an overnight visit at her home in Marysville. At the conclusion of the three weeks, Mother would then have the parenting time in accordance with the standard order of visitation. The magistrate also ordered Father to enroll the child in counseling.

**{¶12}** On February 26, 2024, the trial court entered a judgment adopting the magistrate's decision.

**{¶13}** On February 29, 2024, Father filed objections to the magistrate's decision. The court set the matter for an objection hearing to be held on March 20, 2024.

**{¶14}** At the conclusion of the objection hearing, the trial court dismissed Father's objections for failure to comply with Juv.R. 40. It adopted the magistrate's decision and entered judgment on it.

**{¶15}** Father, still proceeding pro se, filed a timely notice of appeal on May 6, 2024.

**{¶16}** Initially, we must address a motion to dismiss this appeal for an alleged procedural defect filed by Mother. She asks this Court to dismiss this appeal because Father failed to file a transcript with his objections in the trial court. The transcript, or lack thereof, goes directly to Father's first assignment of error. It is not a basis on which to dismiss the appeal. We will address this issue within the context of Father's first assignment of error. Father now raises two assignments of error.

**{¶17}** Father's first assignment of error states:

THE LOWER COURT ERRED BY MISQUOTING THE RELEVANT LAW WHILE SUMMARILY DENYING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S FINDINGS OF FACTS AND CONCLUSIONS OF LAW IN VIOLATION TO APPELLANT'S CONSTITUTIONAL RIGHTS TO THE DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND THE OHIO STATE CONSTITUTION.

**{¶18}** Father first argues the trial court erred by applying Juv.R. 40(D)(3)(a) incorrectly, which he claims allowed for the court to summarily deny his objections. He claims the trial court reprimanded him for not including a transcript of the proceedings before the magistrate for its review. But he argues the court issued its decision on March 20, 2024, which was nine days before he was required to submit the transcript. He further claims the trial court could have granted him additional time to file a transcript.

**{¶19}** This court reviews a trial court's decision to adopt, reject, or modify a magistrate's decision for an abuse of discretion. *Bank of America, N.A. v. Miller*, 2015-Ohio-2325, ¶ 25 (7th Dist.), citing *Long v. Noah's Lost Ark, Inc.*, 2004-Ohio-4155, ¶ 17 (7th Dist.). An abuse of discretion connotes an attitude that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶20}** Juv.R. 40(D)(3)(b) governs objections to a magistrate's decision in juvenile court. Pursuant to the rule:

> A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

Juv.R. 40(D)(3)(b)(i).

**{¶21}** If a party files objections to the magistrate's decision:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

Juv.R. 40(D)(3)(b)(iii).

**{¶22}** The magistrate issued her decision on February 21, 2024. Father filed his objections on February 29, 2024. Thus, Father's objections were filed within the 14-day time limit. The trial court then set the matter for a hearing on the objections.

**{¶23}** The court held the hearing on March 20, 2024. Father appeared pro se and Mother appeared with counsel. Father has not filed a copy of the March 20 hearing

transcript. We have only the court's judgment entry. The court's judgment first states that Father's objections are dismissed "for failure to comply with Juvenile Rule 40." (March 20, 2024 J.E.).

{¶24} Because Father filed his objections on February 29, 2024, pursuant to Juv.R. 40(D)(3)(b)(iii), he had until March 29, 2024, to file a transcript of the hearing before the magistrate. The trial court held the hearing on Father's objections nine days before the deadline to file the transcript expired. Thus, the trial court abused its discretion in holding the hearing on Father's objections before allowing him the entire 30 days provided for under Juv.R. 40(D)(3)(b)(iii) in which to file a transcript of the hearing before the magistrate.

{¶25} Second, Father argues the trial court erred in telling him that he was required to file an affidavit of indigency every time he filed a motion that required a filing fee. He points out that he filed an Affidavit of Indigency in November 2023, and the court granted him "indigent litigant" status at that time. Father asserts that this has been a continuing matter since that time, so his status as an "indigent litigant" has continued. Father claims that if the court believed he was no longer indigent, it could have followed the procedures in R.C. 2323.311(B)(5) to inquire into his status. And then, if the court found that he was in fact not indigent, pursuant to the statute it should have granted him 30 days to pay the filing fee.

{¶26} An "indigent litigant" is a litigant who is unable to make an advance deposit or security for fees or costs as set forth in a civil action or proceeding. R.C. 2323.311(A).

{¶27} R.C. 2323.311 provides the relevant law pertaining to indigent litigants.

{¶28} In order to qualify as an indigent litigant, the applicant must file with the court in which a civil action or proceeding is filed an affidavit of indigency. R.C. 2323.311(B)(1). The court then reviews the affidavit of indigency and either approves or denies it. R.C. 2323.311(B)(4). If the court approves the application, the clerk shall waive the advance deposit or security and the court shall proceed with the civil action or proceeding. R.C. 2323.311(B)(4).

> Following the filing of the civil action or proceeding with the clerk, the judge or magistrate, at any time while the action or proceeding is pending and on the motion of an applicant, on the motion of the opposing party, or on the

court's own motion, may conduct a hearing to inquire into the applicant's status as an indigent litigant . . . If the court finds that the applicant qualifies as an indigent litigant, the court shall proceed with the action or proceeding. If the court finds that the applicant does not qualify as an indigent litigant or no longer qualifies as an indigent litigant if previously so qualified as provided in division (B)(4) of this section, the clerk shall retain the filing of the action or proceeding, and the court shall issue an order granting the applicant whose motion is denied thirty days to make a required deposit or security, prior to any dismissal or other action on the filing or pendency of the civil action or proceeding.

R.C. 2323.311(B)(5).

**{¶29}** The problem with Father's argument here is that there is no support in the record for his contentions. Father relies solely on an alleged excerpt from the March 20, 2024 transcript, which he never filed with this Court. We have no way of verifying the statements he alleges the trial court made. And there is nothing in the record other than a financial disclosure form filed on November 27, 2023, regarding Father's indigent status.

**{¶30}** It is the appellant's burden to provide an adequate record on appeal and when the appellant fails to provide the transcripts necessary for appellate review, then an appellate court has no choice but to presume the validity of the trial court's proceedings as to those assigned errors, and affirm its decision. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

**{¶31}** Father also asks that we remand this matter to another trial court judge, alleging he will not receive a fair determination with the current judge. But "[t]he Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." *Jones v. Billingham*, 105 Ohio App.3d 8, 11 (2d Dist. 1995), citing Section 5(C), Article IV, Ohio Constitution; *Adkins v. Adkins*, 43 Ohio App.3d 95 (4th Dist. 1988). R.C. 2701.03 provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. *Id.* R.C. 2701.03(A) provides:

If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

{¶32} An appellate court lacks the authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. *State v. Ramos*, 88 Ohio App.3d 394, 398 (11th Dist. 1993). Thus, we cannot order that the trial court judge be disqualified.

{¶33} Accordingly, Father's first assignment of error has merit in part and is sustained in part.

{¶34} Father's second assignment of error states:

THE LOWER COURT ERRED WHEN IT REFUSED TO ALLOW APPELLANT TO PRESENT A LEGAL CHALLENGE TO THE JURISDICTION OF THAT COURT IN VIOLATION TO APPELLANT'S CONSTITUTIONAL RIGHTS TO THE DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND THE OHIO STATE CONSTITUTION.

{¶35} Father contends here that the trial court did not have jurisdiction to proceed with this matter. He takes issue with the fact that the court summarily told him that it had jurisdiction concerning this matter and nothing he could argue would change that.

{¶36} "The juvenile court has exclusive original jurisdiction under the Revised Code . . . to determine the custody of any child not a ward of another court of this state[.]" R.C. 2151.23(A)(2). There is no indication here that the parties' child is the ward of another court. Thus, the juvenile court had jurisdiction to determine the custody matters at issue.

{¶37} Accordingly, Father's second assignment of error is without merit and is overruled.

Case No. 24 MA 0052

**{¶38}** For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded to the trial court to allow Father the time under the Juvenile Rules to file a transcript of the magistrate's decision, followed by the trial court's consideration of the objections.

Waite, J., concurs.

Robb, P.J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the Appellant's first assignment of error has merit in part and is sustained in part. Appellant's second assignment of error is without merit and is overruled. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Juvenile Division, of Mahoning County, Ohio, is reversed. We hereby remand this matter to the trial court to allow Father the time under the Juvenile Rules to file a transcript of the magistrate's decision, followed by the trial court's consideration of the objections and for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed to the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**